# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAVELL MARTEZ PATTERSON,

       Defendant-Appellant.

UNPUBLISHED
April 28, 2015

No. 320046
Wayne Circuit Court
LC No. 2013-005005-FH

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, carrying a concealed weapon, MCL 750.227, possession of a firearm by a person convicted of a felony, MCL 750.224f, and resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction, three days in jail for resisting or obstructing a police officer, and three years' probation for both the felon-in-possession and carrying a concealed weapon convictions. We affirm.

## I. BACKGROUND

On December 25, 2012, police officers Garth John and Tom Piotrowski, working as partners, were dispatched to investigate a report of shots fired. When they arrived, they spotted a vehicle parked on the street that matched the description of the vehicle that dispatch had said was involved. As they neared the vehicle, John turned on his spotlight and pointed it at the parked vehicle. Defendant stepped out of the left rear door and placed an object on the ground. John and Piotrowski ordered defendant to show them his hands, but defendant fled. John chased defendant while Piotrowski stayed with the remaining occupants of the car. John chased defendant into an alleyway and through bushes before he lost sight of defendant. Piotrowski recovered the object that defendant had placed on the ground, a semiautomatic pistol. John returned to the car. Shortly after, defendant came walking down the street toward the officers. John and Piotrowski arrested defendant.

## II. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that his convictions of felony-firearm and resisting or obstructing a police officer were against the great weight of the evidence. We disagree.

-1-

Generally, a properly preserved great-weight issue is reviewed by deciding whether the evidence is so overwhelmingly contrary to the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011). However, because defendant did not preserve his claim by moving for a new trial in the trial court, *id*. at 617, our review is limited to plain error affecting defendant's substantial rights, *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

Defendant abandoned this issue by failing to cite authority to support his position. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give an issue only cursory treatment with little or no citation of supporting authority. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). By failing to provide any authority or meaningful argument supporting his position, defendant has abandoned this issue on appeal. *Id*.

Even if defendant had not abandoned the issue, his convictions of felony-firearm and resisting or obstruction a police officer were not against the great weight of the evidence. A verdict is against the great weight of the evidence if "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Musser*, 259 Mich App at 218-219. Generally, the trial court must defer to the jury's determination of witness credibility. *Id*. at 219. However, the jury's duty to assess the credibility of witnesses may be taken away under exceptional circumstances. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998). These circumstances include:

> [T]estimony [that] contradicts indisputable physical facts or laws, [w]here testimony is patently incredible or defies physical realities, [w]here a witness's testimony is material and is so inherently implausible that it could not be believed by a reasonable juror, or where the witnesses testimony has been seriously impeached and the case marked by uncertainties and discrepancies. [*Id*. at 643-644 (quotation marks and citations omitted).]

Defendant argues that due to the poor lighting conditions at the scene of arrest, John's and Piotrowski's testimony that they were able to identify defendant before he fled based on his clothes and body type could not be believed. Although the lighting on the street was not bright that night, John pointed his spotlight at the car from which defendant ran. The headlights on the officers' car were also on, and Piotrowski was using his flashlight. Because there was some lighting on the car, John and Piotrowski were able to observe the clothes and body type of defendant. When Piotrowski ordered defendant to stop after placing an object on the ground, defendant looked at him, "said something along the lines of I don't have a gun" and began running. Later, when defendant walked back toward the scene of incident, both John and Piotrowski recognized him as the man who fled based on his wearing the same black jacket with distinctive embroidery on the back. John also recognized defendant based on his facial hair, and Piotrowski recognized his face and body type, being tall and thin. Defendant also had burrs on his clothes similar to the ones that were on the bushes through which John chased defendant. John's and Piotrowski's testimony did not contradict indisputable physical facts and nothing in the record reflects that their testimony was so incredible or inherently implausible that it could

not be believed by a reasonable juror. Thus, the verdict was not against the great weight of the evidence. See *Cameron*, 291 Mich App at 616-617.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to support his convictions of felony-firearm and resisting or obstructing a police officer. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "In examining the sufficiency of the evidence, 'this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt.' " *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012), quoting *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

Defendant does not present an argument with regard to the elements of any of his offenses, save for the element of identity, which is an element of every crime. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). This argument is meritless, as the prosecution presented sufficient evidence to identify defendant as the man who fled. Although the scene was not well lit, the officers were shining lights on the car when they saw defendant get out from the left rear passenger door, walk toward them, and place an object on the ground. Defendant looked at Piotrowski in response to Piotrowski's command and then began to run. When defendant came back to the scene of incident, the officers recognized his distinctive black jacket as well as other features about him. Also, defendant was covered in burrs similar to ones on the bushes through which John had chased defendant. A rational juror could reasonably infer from this evidence that John and Piotrowski arrested the same man who exited the vehicle, placed the gun on the ground, and fled from them. Thus, there was sufficient evidence to identify defendant.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad